## KENT v. UNITED STATES.

(Circuit Court, S. D. New York. June 2, 1895.)

No. 1,801.

CUSTOMS DUTIES—TARIFF ACTS OF 1883 AND 1890.
    The tariff acts of 1883 and 1890 were intended to be exhaustive, and to take the place of all prior legislation, and section 7 of the act of February 8, 1875, was thereby repealed.

This was an appeal from the decision of the board of general appraisers affirming the decision of the collector of the port of New York as to the imposition of duty upon certain merchandise imported by Percy Kent.

S. G. Clarke, for importer.

Jason Hinman, Asst. U. S. Atty.

TOWNSEND, District Judge (orally).    The articles in question are empty grain bags, made of burlap, of foreign manufacture, having been used in the transportation of American products.    The collector assessed the duty thereon at two cents per pound, under paragraph 365 of the act of October 1, 1890, and the board of general appraisers sustained the action of the collector.    The importer claims that said bags are entitled to free entry under section 7 of the act of February 8, 1875.    The sole question presented is whether said section of said act of 1875 has been repealed.

It appears that, after the passage of the tariff acts of 1883 and 1890, the treasury department admitted such bags free of duty, and continued to do so until August 22, 1893.    In view of this fact, counsel for the importer invokes the application of the rule that the contemporaneous construction of a law by the officials charged with its administration is very persuasive evidence as to its proper interpretation, and, in cases of ambiguity or doubt, may be sufficient to turn the scale.    An examination of said tariff acts of 1883 and 1890, and a consideration of the decisions thereon, have satisfied me that congress clearly intended said legislation to be exhaustive, and to take the place of all prior legislation.    There is therefore no occasion for the application of said rule of interpretation.

The decision of the board of general appraisers is affirmed.