UNITED STATES v. MURPHY et al.

(Circuit Court of Appeals, Second Circuit.    March 17, 1896.)

1. CUSTOMS DUTIES—CLASSIFICATION—WORSTED DRESS GOODS—WHEN WILSON LAW TOOK EFFECT.

The provision in the tariff act of August 27, 1894, that the reduction of duties therein made on "manufactures of wool" was not to take effect until January 1, 1895, did not apply to manufactures of worsted. Hence women's and children's dress goods of worsted imported in the meantime should have been classified under paragraph 283 of that act, and not under paragraph 395 of the act of October 1, 1890.   68 Fed. 908, affirmed.

2. SAME.

The act of May 9, 1890, known as the "Dingley Act," which required the secretary of the treasury to classify all worsted cloths as woolens, was not a mere administrative regulation, but an amendment to the existing tariff law (Act 1883), changing the duty on worsteds (U. S. v. Ballin, 12 Sup. Ct. 507, 144 U. S. 1), and hence was superseded by the McKinley act of October 1, 1890, which covered the entire field of wool and worsted manufactures.

This is an appeal from a decision of the circuit court, Southern district of New York (68 Fed. 908), reversing a decision of the board of general appraisers, which affirmed the action of the collector of the port of New York in the classification for customs duties of certain merchandise imported by the appellees, Alexander Murphy & Co.

Wallace Macfarlane, for the United States.
Wm. Wickham Smith, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.    The articles in question were entered from the steamship Waesland, August 29–30, 1894.    The board of appraisers found them to be women's and children's dress goods, composed of worsted, and the correctness of that finding is conceded. The importers claimed they were dutiable under the Wilson tariff, then in force, being the act of August 27, 1894.    Paragraph 283 of that act provides as follows:

"283. On women's and children's dress goods, coat linings, Italian cloth, bunting, or goods of similar description or character, and on all manufactures, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca or other animals,  *  *  *  valued at not over fifty cents per pound, forty per centum ad valorem; valued at more than fifty cents per pound, fifty per centum ad valorem."

The collector assessed them for duty under paragraph 395 of the McKinley tariff, being the act of October 1, 1890, which paragraph reads as follows:

"395. On women's and children's dress goods, coat linings, Italian cloth, bunting, and goods of similar description or character, composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, and not specially provided for in this act, the duty shall be twelve cents per square yard, and in addition thereto fifty per centum ad valorem."

The collector claimed to find authority for classifying these worsted dress goods under the act of 1890, instead of under the act of 1894, in paragraph 297 of the latter act, which reads as follows:

"297. The reduction of the rates of duty herein provided for manufactures of wool shall take effect January first, 1895."

On behalf of the government it is contended that the words "manufactures of wool," as used in that paragraph, are to be given the broadest construction, and to be held to include "manufactures of worsted," although it is apparent from paragraph 283, above quoted, that the framers of that act evidently understood that "manufactures of wool," "manufactures of worsted," "manufactures of camel hair," and "manufactures of goat hair," were different articles. It is unnecessary to discuss this contention. We entirely concur in the opinion of the judge who heard the case in the circuit court, which opinion will be found reported 68 Fed. 908.

An additional argument is presented here which does not seem to have been pressed upon the circuit court. On May 9, 1890, while the tariff of 1883 was in force, congress passed what is known as the "Dingley Act" (chapter 200, Laws 1890; 26 Stat. 105). It reads as follows:

"An act providing for the classification of worsted cloths as woolens.

"That the secretary of the treasury be, and he hereby is, authorized and directed to classify as woolen cloths all imports of worsted cloths, whether known under the name of worsted cloth or under the names of worsteds or diagonals or otherwise."

Counsel for the government contends that this act was intended to abrogate the old rule of construction based on commercial designations; that worsteds were thereafter to be classified as woolens; and that, therefore, it was a permanent instruction to be followed by customs officers, until expressly repealed, irrespective of whatever changes might subsequently be made in rates of duty on woolen or on worsted cloth. If the Dingley act were given the construction approved by the circuit court in the Southern district of New York in Re Ballin, 45 Fed. 170, there might be force in this contention. It was held in that case that this statute was purely administrative, regulating a special method of classification, to be carried out by official action of the secretary of the treasury, and with nothing on its face to indicate that it was intended to repeal or in any way alter any act imposing customs duties. If it were a mere administrative regulation, it might fairly be urged that it would remain in force until some other administrative statute prescribed some different method of classification. But the difficulty here is that this decision of the circuit court was reversed by the supreme court. U. S. v. Ballin, 144 U. S. 1, 12 Sup. Ct. 507. That court held that it was a self-executing act, providing for a rate of duty on worsted cloths. In other words, its effect was to amend the tariff of 1883 by inserting therein a provision for worsted cloths, laying upon such cloths the same rate of duty as that tariff prescribed for woolen cloths. Subsequently, the McKinley act, of October 1, 1890, was passed. It contains paragraphs covering the entire field of wool and worsted manufactures, including woolen cloths and worsted cloths, and, of course, superseded the earlier tariff act of 1883 and the Dingley act, which, as construed by the supreme court, was simply an amendment of that act. In re Straus, 46 Fed. 522; Kent v. U. S., 68 Fed. 536. The Dingley act, therefore, is no longer in force.

The decision of the circuit court is affirmed.